PILLSBURY WINTHROP SHAW PITTMAN LLP
Claire K. Wu (SBN 295966)
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017
Telephone: 213-488-3655
Facsimile: 213-629-1033

Eric Fishman (*Pro Hac Vice*)
Andrew M. Troop (*Pro Hac Vice*)
Carolina A. Fornos (*Pro Hac Vice*)
31 West 52nd Street
New York, NY 10019
Telephone: 212-858-1000
Facsimile: 212-858-1500

*Attorneys for Bombardier Aerospace Corporation, Bombardier Inc., and Learjet, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ZETTA JET USA, INC., a California corporation,<br><br>    Debtor.<br><br>In re:<br><br>ZETTA JET PTE, LTD., a Singaporean corporation,<br><br>    Debtor.<br><br>JONATHAN D. KING, solely in his capacity as Chapter 7 Trustee of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd.,<br><br>    Plaintiff,<br><br>    v.<br><br>JETCRAFT CORPORATION, JETCRAFT GLOBAL, INC., JETCOAST 5000-5 LLC, ORION AIRCRAFT HOLDINGS LTD., JETCRAFT ASIA LIMITED, FK GROUP LTD, FK PARTNERS LIMITED, JAHID FAZAL-KARIM, BOMBARDIER | Case No. 2:22-cv-6637-JAK<br>Case No. 2:22-cv-2004-JAK<br><br>On Appeal to the U.S. District Court from the U.S. Bankruptcy Court, Central District of California Bankruptcy Case No. 2:17-bk-21386-SK and Adversary Case Nos. 2:19-ap-01382-SK, 2:19-ap-01147-SK<br><br>**BOMBARDIER AEROSPACE CORPORATION, BOMBARDIER INC., AND LEARJET, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL PROPOSED REDACTIONS TO THE COURT'S MARCH 26, 2024 MINUTES ORDER** |

| | |
|---|---|
| 1 | AEROSPACE CORPORATION, BOMBARDIER, INC., and LEARJET, INC., |
| 2 | |
| 3 | Defendants. |
| 4 | JONATHAN D. KING, solely in his capacity as Chapter 7 Trustee of Zetta Jet USA, Inc. and Zetta Jet PTE, Ltd., |
| 5 | |
| 6 | Plaintiff, |
| 7 | v. |
| 8 | CAVIC AVIATION LEASING (IRELAND) 22 CO. DESIGNATED ACTIVITY COMPANY and BOMBARDIER AEROSPACE CORPORATION, |
| 9 | |
| 10 | Defendants. |

## APPLICATION TO SEAL DOCUMENTS

### (L.R. 79-5.2.2)

Pursuant to Local Rule 79-5.2.2 and the Court's March 26, 2024 Minutes Order ("March 26 Order"), Appellees Bombardier Aerospace Corporation ("BAC"), Bombardier Inc. ("BI") and Learjet, Inc. ("LI," together with BAC and BI, "Bombardier") hereby submit, and seek leave to file under seal, the parties' proposed redactions to the March 26 Order.

The March 26 Order was issued under seal and directed the parties to jointly submit any proposed redactions, with a corresponding declaration from a percipient witness as to why the information should not be available on the public docket. Accordingly, pursuant to the Court's order, Bombardier seeks leave to file the following documents under seal, which are attached to the Declaration of Andrew M. Troop as follows:

- **Exhibit A**: ORDER RE BANKRUPTCY APPEALS (21-7572 DKT. 1; 22-2004 DKT. 1; AND 22-6637 DKT. 1) – **REDACTION BOXES UNAPPLIED**;
- **Exhibit B**: ORDER RE BANKRUPTCY APPEALS (21-7572 DKT. 1; 22-2004 DKT. 1; AND 22-6637 DKT. 1) – **REDACTION BOXES APPLIED**.

The declarations ordered by the Court are being filed publicly and are attached to the Declaration of Andrew M. Troop as follows:

- **Exhibit C**: DECLARATION OF MERCEDES GLOCKSEISEN IN SUPPORT OF BOMBARDIER'S REQUEST TO FILE UNDER SEAL THE COURT'S MARCH 26, 2024 MINUTES ORDER;
- **Exhibit D**: DECLARATION OF PETER ANTONENKO IN SUPPORT OF REDACTION OF MARCH 26, 2024 APPEAL DECISION AND DECLARATION OF JAHID FAZAL-KARIM IN SUPPORT OF REDACTION OF MARCH 26, 2024 APPEAL DECISION.

The March 26 Order contains information that the Bankruptcy Court previously ordered to be sealed. *See* 6637 Dkt. Nos. 253, 262, 286, 328, 329, 357, and 398; *see also* 2004 Dkt. Nos. 126, 163, and 333.[1] Each proposed redaction corresponds to the language or information that the Bankruptcy Court previously ordered sealed. The Trustee, 2004 Defendants, and 7572 Defendants have no objection to the joint proposed redactions.

The Jetcraft and FK defendants (Jetcraft Corporation; Jetcraft Global, Inc.; Jetcoast 5000-5 LLC; Orion Aircraft Holdings Ltd.; Jetcraft Asia Limited; FK Group Ltd; FK Partners Limited; and Jahid Fazal-Karim), non-parties to this appeal that were parties in one of the underlying adversary proceedings (*King v. Jetcraft Corporation, et al.*, Adv. Proc. No. 2:19-ap-01382-SK), are also required to comply with the Bankruptcy Court's sealing orders. With the consent of all parties, Bombardier obtained redactions from the Jetcraft and FK defendants, which have been incorporated into the joint proposed redactions, and supporting declarations from Mr. Antonenko and Mr. Fazal-Karim. The proposed redactions from the Jetcraft and FK defendants also

---

[1] All capitalized terms not defined herein have their meaning as set forth in the March 26 Order.

1  correspond to the language or information that the Bankruptcy Court previously ordered
2  sealed.

3        The Trustee has stated he takes no position on whether the redaction of
4  information in the sealed order, or that is subject to the bankruptcy protective orders, is
5  appropriate or not.  For his part, the Trustee believes that none of the information is
6  confidential.  The Trustee reserves the right to challenge or consensually modify any
7  such designation in subsequent proceedings if such designation prejudices the estates
8  or the Trustee's rights.  In particular, the Trustee has stated he may need to share
9  information subject to protective orders and the sealed order with litigation funders and
10 other relevant parties and, if so, may seek to modify protective orders and the sealing
11 order at the appropriate time to allow for dissemination of this information subject to
12 confidentiality restrictions.  Finally, the Trustee notes that the Office of the United
13 States Trustee has not been copied on any of the emails between counsel to the parties
14 and may have a different view regarding the propriety of sealing information in the
15 opinion that may affect members of the public including financial communities and
16 other public stakeholder groups.

17       "[C]ourts of this country recognize a general right to inspect and copy public
18 records and documents, including judicial records and documents." *Nixon v. Warner*
19 *Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted).  "The common law right
20 of access, however, is not absolute and can be overridden given sufficiently compelling
21 reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135
22 (9th Cir. 2003).  *Accord Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178
23 (9th Cir. 2006).  "Protective orders and filings under seal are the primary means by
24 which the courts ensure full disclosure of relevant information, while still preserving
25 the parties' (and third parties') legitimate expectation that confidential business
26 information, proprietary technology and trade secrets will not be publicly
27
28

disseminated." *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (citing cases).

There is good cause and a compelling need to file the proposed redactions under seal. In the underlying adversary cases, the Bankruptcy Court entered orders requiring that certain information be filed under seal. The proposed redactions are in accordance with the Bankruptcy Court's sealing orders. Further, as set forth in the declarations of Bombardier and Jetcraft's percipient witnesses, the information proposed to be redacted should not be available on the public docket because it is highly confidential. Finally, pursuant to this Court's March 26 Order, only after the Court's review of the parties' joint submissions, shall a redacted version of the March 26 Order be made available on the public docket.

For the foregoing reasons, Bombardier respectfully requests an order of this Court permitting Bombardier to file under seal the documents identified as Exhibits A and B.

DATED: April 9, 2024

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ Andrew M. Troop*
ERIC FISHMAN (*Pro Hac Vice*)
ANDREW M. TROOP (*Pro Hac Vice*)
CAROLINA A. FORNOS (*Pro Hac Vice*)
CLAIRE K. WU (SBN 295966)

*Attorneys for Bombardier Aerospace Corporation, Bombardier Inc. and Learjet, Inc.*